AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)      ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
07/16/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
07/16/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ARO_____ DEPUTY

United States of America

v.

Claudia Isela Gurrola
  aka Claudia Erlinda Rosales,

Defendant

Case No. 8:25-mj-00582-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, Christopher Danks, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of December 8, 2021, in the county of Orange in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/ Christopher Danks
Complainant's signature

Christopher Danks, Special Agent, DSS
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: July 16, 2025

Judge's signature

City and state: Santa Ana, California

Hon. John D. Early, U.S. Magistrate Judge
Printed name and title

AUSA: Joseph W. Tursi (x3989)

**AFFIDAVIT**

I, Christopher Danks, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint against and arrest warrant for Claudia Isela GURROLA, also known as "Claudia Erlinda Rosales" ("defendant"), charging her with violating Title 8, United States Code, Section 1326(a), Illegal Alien Found in the United States Following Removal.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

3. I am a Special Agent ("SA") with the U.S. Department of State, Diplomatic Security Service ("DSS"), and have been so employed since April 2025. I am currently assigned to the Los Angeles Field Office. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Program and

the Department of State's Basic Special Agent Course. I have received training on federal criminal laws, including those relating to identity theft, visa fraud, and passport fraud. More specifically, my duties and authority include investigating violations related to passport and visa fraud found under Title 18 of the United States Code. DSS SAs are empowered to conduct investigations of and to make arrests for the offenses enumerated in Title 22, United States Code, Section 2709, as well as to make arrests for any felony cognizable under the laws of the United States.

### III. STATEMENT OF PROBABLE CAUSE

4. On February 24, 2025, the defendant, falsely purporting to be "Claudia Erlinda Rosales," submitted Form DS-11, an Application for a U.S. Passport, at the Anaheim Brookhurst Center Post Office in Anaheim, CA. As proof of identity and citizenship, the defendant presented California driver's license B7370513 and a California birth certificate, each in the name of "Claudia Erlinda Rosales." The defendant represented herself as a U.S. Citizen, swore under oath that the information on the passport application was true, the photograph attached to the passport application was a true likeness of her, and then signed the application. On or about March 24, 2025, the application was referred to DSS Los Angeles Field Office by the Seattle Passport Center due to a Fraud ("F") processing hold in a Department of State computer system. This F processing hold was placed because the defendant had already unsuccessfully

submitted a fraudulent Form DS-82, U.S. Passport Renewal Application, on or about December 8, 2021 which had been investigated by DSS.  On or about January 25, 2023, this prior DSS investigation was closed with a finding that the defendant's true name is Claudia Isela GURROLA, a Mexican national previously removed to Mexico on March 26, 1998.  The defendant's passport was not renewed, but the defendant was not prosecuted.

    5.    On April 1, 2025, other law enforcement personnel submitted a query, which I have reviewed, using the name Claudia Rosales with a date of birth ("DOB") of February 19, 1978 (the same name and DOB defendant provided on her most recent passport application).  The query yielded the following associated data:

        a.    California driver's license B7370513

        b.    Address:200 N Grand Ave SPC 50, Anaheim, CA 92801

        c.    License plate: 9PJU053, 2024 HONDA

This address is the same one the defendant provided on her most recent passport application.

    6.    On April 1, 2025, other law enforcement personnel submitted a query, which I have reviewed, using the name Claudia GURROLA with a DOB of April 27, 1977.  The query yielded a California driver's license number B9342493 issued on July 23, 1999.

    7.    On April 1, 2025, the thumbprints associated with California driver's license numbers B7370513 (name: Claudia Erlinda ROSALES) and B9342493 (name: Claudia Isela GURROLA) were sent to the Federal Bureau of Investigation ("FBI") biometrics center for processing.  FBI matched both thumbprints to FBI

Universal Control Number ("UCN") 233388HB2 associated with name Claudia Isela GURROLA, a Mexican National who was born on April 27, 1977, who was charged with false claims to US Citizenship and placed under Expedited Removal Order on March 26, 1998. This means these fingerprints matched each other.

      8. Based on my training and experience I know that:

      a. Every person has a unique set of fingerprints. I also know the FBI retains a database of civil and criminal fingerprint submissions from federal, state, local, and tribal agencies, when retention is legally permissible and selected by that agency.

      b. Each fingerprint submission is assigned to a UCN which serves as a unique tracking number, allowing the FBI to cross reference submitted fingerprints with all previous instances where the same print was submitted.

      c. FBI UCN's are searchable within various law enforcement indices and comparable with other government records, including those belonging to DHS and those associated with a Department of Homeland Security ("DHS") Alien File ("A-File") and Alien Number ("A-number"). A match between fingerprint identifiers can therefore be used to confirm the identity of a person associated with specific records, including immigration records indicating whether that person is amenable to immigration enforcement action.

      9. Because the fingerprints for the driver's licenses issued to Claudia Isela GURROLA and Claudia Erlinda ROSALES are the same, I believe there is probable cause that they are the

same person, namely defendant.  Because defendant is not a U.S. citizen, I believe she had an incentive to obtain identification documents in a fake name so she could obtain travel documents to allow her to remain and/or travel as a U.S. Citizen with less risk of immigration enforcement action.  Defendant's fake name and driver's license (Claudia Erlinda ROSALES) appears to have been submitted with false statements that she was a U.S. Citizen in an effort to obtain U.S. Citizen travel documents.  This is evidenced by the use of the alias and identification documents on the U.S. Passport application that contained fingerprints that matched defendant's true identity and immigration records that shows she is not a U.S. Citizen and has previously been removed.

    10.  On or about April 2, 2025, other law enforcement personnel submitted a Homeland Security Treasury Enforcement Communications System ("TECS") query, which I have reviewed, using the name Claudia GURROLA with a date of birth of April 27, 1977.  The resulting query yielded a TECS record ID P4436387800B13 with remarks stating the individual had been charged with false claims to US citizenship and placed under Expedited Removal Order with a departure date of March 26, 1998.  It also listed DHS A-File #072777001 as the corresponding A-File.

    11.  Based on my training and experience I know that TECS is the principal system used by officers at the border to assist with screening and determinations regarding admissibility of arriving persons. I also know that records in TECS can be

searched by law enforcement in the furtherance of an investigation via a person query to locate records of individuals who have attempted to unlawfully enter the United States of America.

12. On July 8, 2025, I reviewed the defendant's passport application for information on employment status. The defendant's passport application listed her employer as "Contract Illumination".

13. On July 8, 2025, I conducted an open-source internet search for "Contract Illumination" in areas near the defendant's listed residence and located the corporate website: oldcalifornia.com containing a profile picture resembling the defendant adjacent to text stating "Claudia's Featured Product." Oldcalifornia.com is the corporate website for the company: Old California Historic Lighting & Home Décor, which is located at: 975 N Enterprise St, Orange, CA 92867.

14. On July 9, 2025, I conducted surveillance at 200 N Grand Ave SPC 50, Anaheim, CA 92801. This address is located within a mobile home community with only one open point of access for vehicles. While surveilling this point of access, I observed and photographed a woman exiting the mobile home community in a white Honda Sport Utility Vehicle ("SUV") with the license plate: 9PJU053. The woman driving resembled the defendant's submitted passport application photo. After the vehicle disappeared from my line of sight, I traveled to 975 N Enterprise St, Orange, CA 92867. I arrived at that location within one hour, and upon arrival I observed and photographed a

white Honda SUV with the license plate: 9PJU053 parked in front of the address.

    15. On July 10, 2025, I submitted a DHS Person Centric Query Service ("PCQS") query using the defendant's A-Number A072777001. The query yielded no record of any application made to, nor permission granted from, the U.S. Government since defendant's most recent removal. Based upon my training and experience, I know that a record reflecting such application or permission would ordinarily be found within the DHS indices I reviewed if such a record existed.

### IV.  CONCLUSION

    16. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Section 1326(a) Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in
Accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this  16th  day of July
2025.

_____
HONORABLE JOHN D. EARLY
UNITED STATES MAGISTRATE JUDGE